IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| NICKEY ARDD,<br><br>    Movant,<br><br>v.<br><br>WARDEN C. HARRISON,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  No. 2:24-cv-02324-SHM-tmp<br>)<br>)<br>)<br>)<br>) |

**ORDER TRANSFERRING SECOND OR SUCCESSIVE § 2255 MOTION TO SIXTH CIRCUIT COURT OF APPEALS**

Before the Court is Nickey Ardd's Pro Se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed on May 15, 2024. (ECF No. 1.)  The government has not responded in the time allowed by the local rules.  L. R. Civ. P. 7.2(a)(2).  For the reasons below, the petition is construed as a second or successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Because Movant has not obtained permission to file the instant Motion, the Court lacks jurisdiction to render a decision, and the Clerk of Court is ORDERED to transfer the Motion to the United States Court of Appeals for the Sixth Circuit.

    **I.   Background**

On October 13, 2017, a jury convicted Movant of possession with intent to distribute cocaine; carrying a firearm in relation to a drug trafficking crime; possession of a firearm from which the serial number has been removed and altered; and two counts of

possession of a firearm by a convicted felon.  Indictment, Jury Verdict, United States v. Ardd, No. 16-20094 (W.D. Tenn. 2017) (ECF Nos. 1, 105.)  Movant received a total sentence of 270 months.  Id. (ECF No. 136.)  His convictions were affirmed on direct appeal on December 18, 2018.  Id. (ECF No. 155.)

On May 30, 2019, Movant filed a pro se § 2255 motion, raising claims of ineffective assistance of trial and appellate counsel.  Mot. to Vac., Set Aside, or Corr. Sent., Ardd v. United States, No. 19-2345 (W.D. Tenn. 2022) (ECF No. 1) (the "2019 Motion.")  On June 29, 2022, the Court denied the motion on the merits.  Id. (ECF No. 18.)

Movant once again challenges his October 2017 convictions.  He concedes that he has filed a § 2255 Motion, but has not received permission from the Sixth Circuit to file a second or successive motion.  (ECF No. 1 at 4.)

**II.  Standard of Review**

Section 2241 permits courts to issue writs of habeas corpus when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a)(3).  That section has been narrowly construed to permit prisoners to challenge only "the execution or manner in which [their] sentence is served."  Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam).  Challenges to the validity of a conviction or sentence must be challenged under § 2255.  Id. at 755-57.  "A

2

district court has no jurisdiction over an application . . . under section 2241 if the petitioner could seek relief under section 2255, and either has not done so or has done so unsuccessfully. The only escape route is the saving clause." Taylor v. Owens, 990 F.3d 493, 499 (6th Cir. 2021.)

The saving clause permits a prisoner to file a § 2241 petition in the rare circumstances where a § 2255 motion would be "inadequate or ineffective to test the legality of [the prisoner's] detention." Id. at 495-96. "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." Charles, 180 F.3d at 756 (internal citations omitted.)

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, inter alia, at 28 U.S.C. §§ 2244, et seq.) ("AEDPA"), federal courts have limited authority to grant relief to those who have previously filed a habeas petition. Petitioners are required to seek permission from a federal appeals court before filing a "second or successive" petition in district court. In re Tibbetts, 869 F.3d 403, 405 (6th Cir. 2017.) Without permission from the court of appeals, a district court does not have permission to

review a second or successive petition. Moreland v. Robinson, 813 F.3d 315, 322 (6th Cir. 2016.)

The term "second or successive" is not defined, and not every petition that is filed second in time is second or successive and subject to AEDPA's restrictions. In re Tibbetts, 869 F.3d at 405 (internal citations, quotation marks omitted). To determine whether a second-in-time petition is second or successive, a court must first determine whether it challenges the same judgment as the prior petition. In re Hill, 81 F.4th 560, 569 (6th Cir. 2023).

If the petition challenges a previously challenged judgment and raises claims that were presented in the first petition, the petition is second or successive. Id. However, if a claim has been previously presented, but the court found that it was unexhausted, or if the claim was unripe when the first petition was filed, the second-in-time petition is not second or successive. Id. If the claims were neither unripe nor unexhausted when the first petition was filed, the petition is second or successive and must be transferred. Id.

**III. Analysis**

The Court construes Petitioner's § 2241 Petition as a § 2255 Motion, and dismisses the Motion as second or successive. Petitioner challenges the validity of his sentence, not the "execution or manner in which [his] sentence is [being] served." Charles, 180 F.3d at 755-56. The Court lacks jurisdiction to

4

entertain a § 2241 petition where a § 2255 motion could provide relief instead. Taylor, 990 F.3d at 499.

Although the saving clause permits prisoners to file § 2241 petitions in the limited circumstances where a § 2255 motion would be "inadequate or ineffective to test the legality of [their] detention," Movant has not shown that this narrow exception applies. Id. at 495-96; Charles, 180 F.3d at 755-56. Movant argues that the court has jurisdiction to resolve his case under § 2241 because his petition addresses a "misapplied sentence" and because he seeks to invoke caselaw that applies retroactively but was not available when his previous § 2255 motion was filed. (ECF No. 1 at 5.)

First, Movant's claim that the guidelines enhancement for career offenders was inappropriately applied to his case is a direct challenge to the validity of his sentence, not to the manner in which it is being applied. Second, if Movant wishes to argue that he is entitled to relief under caselaw that applies retroactively, but was not available when his prior petition was filed, the appropriate avenue for relief is an application to the Sixth Circuit. Section 2244(b)(2)-(3) contemplates precisely this situation, permitting the Court of Appeals to authorize second or successive habeas applications where the applicant makes a prima facie showing of "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,

5

that was previously unavailable."[1] In re Tibbetts, 869 F.3d at 405. Movant may not use § 2241 to make this argument directly to the district court.

Because Movant challenges the validity, not the execution, of his sentence, and because he has not shown application of the saving clause, the Court lacks jurisdiction to consider his motion as a § 2241 petition. Taylor, 990 F.3d at 499. Even construing Movant's filing as a § 2255 motion, however, the Court lacks jurisdiction to entertain his arguments because his motion is barred as second or successive. Moreland, 813 F.3d at 322.

Defendant filed a § 2255 motion in 2019 also challenging his October 2017 convictions. (2019 Motion, ECF No. 1.) The claims Defendant raises in the instant Motion are different from the claims raised in his prior motion. (Compare id. with ECF No. 1.) In this Motion, Defendant argues that his prior conviction for unlawful possession of a controlled substance, in violation of Tenn. Stat. Ann. § 39-17-417, should not have been used as a

---

[1] Movant is vague about the new caselaw. Although he asserts that new law applies retroactively, it is not clear, for example, whether the law establishes new constitutional rules. Insofar as Movant seeks § 2241 relief based on new legal developments that do not fit within § 2244(b)'s narrow exceptions, his argument is foreclosed by Jones v. Hendrix, 599 U.S. 465 (2023) (holding that a prisoner may not evade the restrictions on filing second or successive habeas petitions based on a "more favorable interpretation of statutory law adopted after . . . [movant's] initial § 2255 motion was resolved.")

predicate offense to apply the career offender enhancement under the U.S. Sentencing Guidelines. (ECF No. 1 at 2.)

Defendant relies on United States v. Havis, 927 F.3d 382, 387 (6th Cir. 2019) (abrogated by regulation, as recognized in United States v. Dorsey, 91 F.45th 453, 459 (6th Cir. 2024)), which held that attempt crimes are not controlled substance offenses as defined in § 4B1.2(b) of the U.S. Sentencing Guidelines and that § 39-17-417 cannot be a predicate offense increasing a defendant's offense level. (Id. at 6-7.) Defendant's arguments are difficult to understand, but he seems to argue that the elements of § 39-17-417 can be established in any of several alternative ways, and that he pled guilty to a version of the crime that does not have the intent required to constitute a predicate felony. (Id.) He relies on the Supreme Court's holding in Mathis v. United States, 579 U.S. 500, 503 (2016), which addresses how to apply the definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e) (1984), when a defendant has been convicted under a statute that lists multiple, alternative means of satisfying its elements.

Those grounds were not raised in Movant's 2019 Motion, which contained only ineffective assistance of counsel claims. (See 2019 Motion.) Defendant does not argue that the new claims were unripe when his 2019 Motion was filed. The alleged sentencing errors had occurred when Defendant filed his 2019 petition, and

7

the caselaw on which he currently relies was also available. In re Hill, 81 F.4th at 570 (holding that a claim was ripe when defendant filed his original habeas motion because "the events giving rise" to the claim had already occurred). Indeed, Defendant relied on both Havis and Mathis in his 2019 Motion, arguing that counsel was ineffective for failing to raise the arguments about the career offender enhancement that he now raises himself.

Because Defendant has brought a previous § 2255 motion challenging the same convictions he challenges now, and because the instant claims were neither unripe nor unexhausted at that time, the instant Motion is a second or successive motion that the Court cannot review without permission from the Sixth Circuit. In re Hill, 81 F.4th at 569; Moreland, 813 F.3d at 322.

## IV. Conclusion

This Court lacks authority to decide Defendant's second or successive § 2255 motion because the Sixth Circuit Court of Appeals has not approved its filing. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). Under In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam), "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document." See Moreland, 813 F.3d at 325. Therefore, the Clerk is ORDERED to transfer this second or successive motion to the United States Court of Appeals

8

for the Sixth Circuit.  The Clerk is directed to close this case without entry of judgment.

IT IS SO ORDERED this 28th day of August, 2024.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

9